UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

      Plaintiff,

 -against-

CHARLES GONZALES,

      Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/15

15-cr-469 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

By motion dated November 18, 2015, defendant Charles Gonzales ("Defendant") seeks an order ruling that the mandatory sentencing enhancements under 18 U.S.C. § 924(e) do not apply in the event the Defendant takes a plea. The Government opposes this motion. For the reasons that follow, the motion is DENIED.

## BACKGROUND

Gonzales is currently charged in a one-count Indictment with knowingly possessing, on or about May 5, 2015, a Remington 870 shotgun after having had three previous convictions for violent felonies or serious drug offenses. Prior to the current charge, Defendant was convicted:

(1) On August 15, 1997, for robbery in the third degree, in violation of New York Penal Law ("NYPL") § 160.05;
(2) On February 15, 2001, for criminal sale of a controlled substance in the fourth degree, in violation of NYPL § 220.34; and

(3) On June 24, 2005, for robbery in the second degree, in violation of NYPL § 160.10.

Defendant now seeks a ruling that his three previous felonies should not be included under the Armed Career Criminal Act, Title 18 U.S.C. § 924(e) (the "ACCA"). The ACCA provides for enhanced sentencing where a Defendant "has three previous convictions ... for a violent felony or a serious drug offense." *Id.* The statute defines a "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The ACCA defines a "serious drug offense" to include "an offense under State law . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(1).

## DISCUSSION

*A. Robbery in the Third Degree*

Defendant asserts that the August 15, 1997 conviction for robbery in the third degree should not be considered a "violent felony" for purposes of the ACCA because, hypothetically, one could be convicted of third degree robbery in New York without using physical force as defined in *Johnson v. United States*, 559 U.S. 133 (2010) (defining physical force as "a degree of power [beyond] the merest touching"), and therefore, a conviction under NYPL § 160.05 could stand without the defendant using physical force. It is well settled, however, that "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159, 109 L. Ed. 2d 607 (1990). All that is required, then, is that the statutory definition of robbery include the use or threat of force "as an element," not the

commission of a crime in which force was actually used. *See id.*; 18 U.S.C. § 924(e)(2)(B)(i). *See also United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006) ("Congress chose to define 'violent felony' by reference to the elements of the offense of conviction").

Here, the Defendant was convicted of third degree robbery in New York, which is defined as "forcibly steal[ing] property." NYPL § 160.05. The Second Circuit has previously determined that a "conviction[] pursuant to NYPL []§ 160.05 (robbery in the third degree) [] qualif[ies], categorically, as [a] violent felon[y] under the Armed Career Criminal Act."[1] *United States v. Williams*, 526 F. App'x 29, 37 (2d Cir. 2013) *cert. denied*, 134 S. Ct. 1911, 188 L. Ed. 2d 938 (2014) (citing *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995)). Whether or not an unrelated defendant was convicted of third degree robbery without using force is irrelevant for purposes of this inquiry. The Defendant's third degree robbery qualifies as a violent felony for purposes of the ACCA because the crime has, as an element, the use of physical force.

### B. Sale of a Controlled Substance in the Fourth Degree

With regards to the second conviction, Defendant asserts (1) the 2009 retroactive drug reform laws in New York disqualify this offense as a serious drug offense for purposes of the ACCA, and (2) the language in the ACCA—"for which a maximum term of imprisonment of ten years of more is prescribed by law"—is unconstitutionally vague. Defendant's vagueness and retroactive sentencing arguments as to the drug conviction fail as a matter of law. Both arguments are rendered irrelevant by the Second Circuit decision in *Rivera v. United States*, 716 F.3d 685, 688 (2d Cir. 2013), which applied the ACCA and the Supreme Court's decision in *McNeil* to a class C drug offense in New York. *Id. See also McNeill v. United States*, 563 U.S.

---

[1] The court in *Williams* further held that second degree robbery in New York qualifies as a violent felony for purposes of the ACCA. *United States v. Williams*, 526 F. App'x at 37.

3

816, 131 S. Ct. 2218, 180 L. Ed. 2d 35 (2011).

Defendant's argument relies solely on a footnote in *McNeil*. Generally, *McNeil* held that, to determine whether a conviction qualifies as a "serious drug offense" (i.e., a crime having a maximum term of imprisonment of 10 years or more), district courts should apply the sentencing laws at the time of a defendant's prior conviction and not at a time of a more lenient revision. *McNeill*, 563 U.S. at 816. In a footnote, however, the Supreme Court explained, "this case does not concern a situation in which the State subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense… We do not address whether or under what circumstances a federal court could consider the effect of that state action." *Id.* Defendant urges the Court to apply this *McNeil* footnote, arguing that the New York State "legislature did, in fact, provide for remedial provisions for individuals convicted of a Class C Felony prior to 2005," which lowered the maximum penalty to less than 10 years.

In *Rivera*, the Second Circuit analyzed this very situation—whether a defendant's prior convictions for a class C felony drug offense constitutes a "serious drug offense" for purposes of the ACCA after the drug law reform acts ("DLRAs") lowered the penalties for drug offenses and provided for remedial sentencing. *Rivera*, 716 F.3d at 689-90. The *Rivera* court held that the retroactive provisions of the DLRAs—both 2004 and 2009—do not apply to the instant offense. With regards to the 2004 DLRA, the Court explained, "although the 2004 DLRA reduced to nine years the maximum sentence applicable to class C offenses, *see* 2004 N.Y. Laws ch. 738, § 36 (codified at N.Y. Penal Law § 70.70(4)(b)(ii) (2005)), the change applied only 'to crimes committed on or after the effective date [of the 2004 DLRA].'" *Id.* at 689 (citing 2004 N.Y. Laws ch. 738, § 41(d–1); *People v. Utsey*, 7 N.Y.3d 398, 404, 822 N.Y.S.2d 475, 855 N.E.2d

4

791 (2006) ("Under the plain language of the statute, the relevant provisions of the [2004] DLRA are intended to apply only to crimes committed after its effective date.")).

As to the 2009 DLRA, the Court noted that the "expanded opportunities for resentencing provided by the 2009 DLRA did not apply to a person whose sole drug-related offense was a class C felony." *Id.* at 690 (citing 2009 N.Y. Laws ch. 56, pt. AAA, § 9). Thus, both the 2004 and 2009 DLRAs do not provide for remedial sentencing in Defendant's case. Therefore, this is not a situation that falls outside of the ambit of *McNeil*, and the Court should apply the sentencing laws at the time of the Defendant's prior conviction for purposes of the ACCA, which qualifies Defendant's second conviction as a "serious drug offense."

### C. *Robbery in the Second Degree*

Finally, Defendant asserts that his third conviction—robbery in the second degree— should not qualify as an ACCA predicate felony because his plea allocution was insufficient or defective. The Supreme Court has held, however, that 18 U.S.C. § 924(e) does not authorize "collateral attacks," such as challenges to the constitutionality of the convictions used for sentencing under § 924(e). *Custis v. United States*, 511 U.S. 485, 490, 114 S.Ct. 1732, 1735, 128 L.Ed.2d 517 (1994). It is binding precedent, therefore, that "a defendant may not use a federal sentencing proceeding to collaterally attack a state-court conviction (unless the state conviction was obtained in violation of the right to counsel)." *United States v. Devost*, 609 F. App'x 47, 47-48 (2d Cir. 2015) (citing *Custis*, 511 U.S. at 497; *United States v. Sharpley*, 399 F.3d 123, 126 (2d Cir.2005)). Defendant has not asserted that he was unrepresented in the underlying robbery proceeding, and therefore, he may not challenge his conviction in the instant proceeding.


## CONCLUSION

The Defendant's motion seeking a ruling that the enhanced sentencing provisions of 18 U.S.C. § 924(e) do not apply is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 11.

Dated: December 22, 2015
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge