USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      Plaintiff,

-against-

CHARLES GONZALES,

      Defendant.

---

15-CR-469 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

After reviewing the parties' submissions, the Court denies Defendant's motion for reconsideration on the ground that it is bound by the holding in *United States v. Brown*, 52 F.3d 415. 426 (2d Cir. 1995), that robbery is a "crime of violence" within the meaning of the Armed Career Criminal Act ("ACCA"),[1] 18 U.S.C. § 924(e), "unless and until the Second Circuit itself holds otherwise." *Boone v. United States*, No. 02-CR-1185 (JMF), 2017 WL 398386, at *1 (S.D.N.Y. Jan. 30, 2017).

On December 22, 2015, the Court denied Defendant's motion and held that the enhanced sentencing provisions of 18 U.S.C. § 924(e) did apply. (*See generally* ECF No. 19.) While the Court acknowledges that the Second Circuit may find that *Johnson v. United States*, 559 U.S. 133 (2010) (defining physical force as "a degree of power [beyond] the merest touching"), overrules *Brown* and similar cases, it has not – to date – changed the law on ACCA. *See United States v. Jones*, No. 15-1518, slip op. at 14-16 (2d Cir. July 21, 2016) (holding that "forcible stealing" under

---

[1] The Armed Career Criminal Act (ACCA) imposes a 15-year mandatory minimum sentence on a defendant convicted of being a felon in possession of a firearm who also has three prior state or federal states convictions "for a violent felony," including "any crime punishable by imprisonment for a term exceeding one year ... that has as an element the use, attempted, use, or threatened use of physical force against the person of another." 18 U.S.C. § 942(e)(2)(B)(i).

New York law does not constitute "violent force" under *Johnson*), *vacated by* 2016 WL 5791619 (2d Cir. Oct. 3, 2016) (ordering that the appellee's petition be held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544). Therefore, the Court is required to follow Second Circuit precedent "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless and subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *Boone*, 2017 WL 398386, at *1 (S.D.N.Y. Jan. 30, 2017); *see also United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015). Because this Court cannot conclude that the Second Circuit or the Supreme Court is "all but certain" to overrule *Brown*, the Court must deny Defendant's motion for reconsideration. *See Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003) (noting that district courts and the Second Circuit itself are "required to follow" a Second Circuit decision, even if it is in "tension" with subsequence Supreme Court precedent, "unless and until that case is reconsidered by the [the Second Circuit] sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision"); *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994) ("[U]ntil the Supreme Court rules otherwise, the district court would be obliged to follow our precedent, even if that precedent might be overturned in the near future.").

## CONCLUSION

The Court notes that in a similar case, the parties asked to stay the case pending a decision by the Second Circuit in *Jones* (in which case, this Court could immediately act on any change in the law without the need to await a remand from the Second Circuit). *See Boone v. United States*, No. 02-CR-1185 (JMF) (ECF No. 136 & 137).

Until such time, Defendant's motion for reconsideration is DENIED.

Dated: June 16, 2017
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge